IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **12-cv-00698-JLK**

**RICHARD GREENBERG, an individual**,

        Plaintiff,

v.

**CHASE TERMINAL COMPANY, a partnership, by and through its partners, EQUILON ENTERPRISES, LLC, and TEXAS-NEW MEXICO PIPE LINE COMPANY;**
**SHELL PIPELINE COMPANY, a Delaware limited partnership, by and through its partner, SHELL PIPELINE GP LLC, and John and Jane Does No. 1-10, and any other persons and/or entities unknown,**

        Defendants.

---

## ORDER

---

Kane, J.

This personal injury case was originally filed in the state district court in Adams County and is before me on Defendants' Notice of Removal. Defendants premise removal jurisdiction on 28 U.S.C. § 1332, diversity of citizenship. Plaintiff, a Colorado citizen, moves to remand, arguing Defendants' have failed to meet their burden of establishing as a factual matter that each must properly be considered a citizen of Texas. I agree.

Congress has provided, as part of its authority to oversee the jurisdiction of federal courts, a federal forum for disputes between citizens of different states. 28 U.S.C. § 1332(a)(1). The history and purpose of diversity jurisdiction is to provide a neutral forum

for out-of-state parties who fear that they will be subjected to local prejudice if forced to litigate as strangers in a state court. *See generally*, 13E Fed. Prac. & Proc. Juris. § 3601 (3d ed.). As federal courts are courts of limited jurisdiction, jurisdiction is presumed not to exist absent proof by the party asserting it that it does. *Penteco Corporation Limited v. Union Gas System, Inc.*, 929 F.2d 1519, 1521-22 (10th Cir. 1991). *See Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1339-40 (10th Cir.1998)(trial courts in this circuit are "rigorously [to] enforce Congress' intent to restrict federal jurisdiction in controversies between citizens of different states").

Defendants submit the Declaration of Lynn F. Borgmeier, Senior Legal Counsel and Assistant Secretary for Houston-based Shell Oil Company, to establish the facts necessary for diversity jurisdiction. In her Declaration, Ms. Borgmeier describes the organizational structure of each of the Defendant entities – which include a terminated general partnership (Chase Terminal Company ("Chase")); Delaware corporations Texas-New Mexico Pipe Line Co. and TMR Co.; various limited liability companies (Equilon, SOPC Holdings West, Shell Oil Products Co., Shell Pipeline GP, and Shell Transportation Holdings); and a limited partnership (Shell Pipeline Company) – and concludes each description with the assertion that the entity has its "headquarters and principal place of business" in Houston, Texas. Plaintiff contends these averments are inadequate with regard to Shell Pipeline Company.

Shell Pipeline Company is a limited partnership "whose partners are Shell Pipeline GP LLC and Shell Transportation Holdings LLC." Borgmeier Decl. (Doc. 1-7). According to Plaintiffs, the failure to identify the specific partnership interests associated with that

entity, i.e., general or limited, results in an incomplete jurisdictional record invoking the presumption against removal and necessitating remand.  Defendants respond that the specific partnership interests are apparent – Shell Pipeline "GP" LLC, as its name suggests, is the general partner and Shell Transportation Holdings is the limited partner.  Response (Doc. 11) at 6.  "Although there are several tiers of entities in the ownership structure for each of the two partners of Shell Pipeline Company LP," Defendants continue, "ultimately the ownership ends with . . . TNR Company and Shell Oil Company."  *Id.* at 7.  Citing Ms. Borgmeier's Declaration, Defendants conclude that because Shell Oil and TNR are citizens of Delaware (where they are incorporated) and Texas (where they are headquartered), Shell Pipeline Company LP is "also completely diverse [to] Plaintiff under 28 U.S.C. § 1332."  *Id.*

Plaintiff characterizes Defendants' response as "the argument[] and rhetoric of counsel," which does not "rise to the level of a preponderance of evidence."  Reply (Doc. 13) at 4.  Plaintiff concludes that "[w]hile discovery may provide additional evidence that removal was proper," the record as yet fails affirmatively to do so.  Under the strict removal standard applied in this circuit, I agree.  Plaintiff's Motion to Remand (Doc. 9) is GRANTED, and this matter is REMANDED to the Adams County District Court.

Dated:  May 24, 2012                                **s/John L. Kane**
                                                    SENIOR U.S. DISTRICT JUDGE